Anthony R. CONCRA, Plaintiff,

v.

INTERNATIONAL FIDELITY
INSURANCE COMPANY,
Defendant,

and

Crawford & Associates; Patrick J. Prendergast, P.E.; and Hudson City Savings, Joined Defendants.

No. 92–CV–1198.

United States District Court,
N.D. New York.

Aug. 9, 1994.

**14**

Couch, White, Brenner, Howard & Feigenbaum (James J. Barriere, of counsel), Albany, NY, for plaintiff.

Sills, Cummis, Zuckerman, Radin, Tischman, Epstein & Gross (Stuart Rosen, Thomas S. Novak, of counsel), New York City, for defendant.

*MEMORANDUM–DECISION and ORDER*

HURD, United States Magistrate Judge.

## I. *INTRODUCTION.*

Defendant International Fidelity Insurance Company ("IFIC") moves for partial summary judgment on its counterclaim against plaintiff for the undisbursed balance of the subject construction contract, and to strike plaintiff's damage claims as being unsupported by objective evidence. Plaintiff, Anthony R. Concra, cross-moves for an order awarding him loss of rental income and other alleged monetary losses caused by IFIC's alleged contract default.

## II. *FACTS.*

This action arises out of a performance bond issued by IFIC as surety; Capitol Valley Contractors, Inc. ("Capitol Valley") as principal; and plaintiff as an obligee. In November 1989, plaintiff contracted with Capitol Valley to construct a two story building in Hudson, New York. Plaintiff, who leases property from the City of Hudson Industrial Development Agency, received his funding for the project through defendant Hudson City Savings Bank. On or around November 2, 1989, IFIC issued performance and payment bonds on behalf of Capitol Valley to assure Capitol Valley's performance of the construction contract. Pursuant to an agreement dated February 15, 1990, between plaintiff and Morris Associates, the predecessor-in-interest to defendant Crawford & Associates, Morris agreed to act as project engineer in connection with the construction project.

Capitol Valley commenced construction in March 1990, but defaulted on the project's construction in December 1990.[1] By agreement entitled Surety Takeover Agreement dated May 9, 1991, IFIC undertook the completion of the construction contract. IFIC then retained Sam Greco Construction to complete the construction, and upon certification by the project engineer, the project was allegedly completed on August 15, 1991. Plaintiff currently sublets occupancy of the building to the Columbia County Department of Social Services. On December 2, 1991, IFIC requested payment in full. Plaintiff refused payment because there were several mechanic's liens against the property. IFIC removed all liens against the property by the end of September 1992. No payment on the contract balance has been paid.

Plaintiff alleges that payment is not forthcoming because of alleged substantial defects

---

1. According to the contract, construction of the building was to be completed by November 30, 1990.

in the project's construction. Specifically, plaintiff alleges that IFIC failed to secure completion of the project, and left a building which did not conform to the contract plans and specifications, was not built in accordance with the New York Building Code, and contains substantial defects.

### III. *SUMMARY JUDGMENT.*

A motion for summary judgment may be granted only when the moving party carries its burden of showing the absence of a genuine issue of material fact. Fed.R.Civ.P. 56; *Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell, Partnership v. Medfit Int'l, Inc.*, 982 F.2d 686, 689 (1st Cir.1993); *Thompson v. Gjivoje,* 896 F.2d 716, 720 (2d Cir.1990) (citations omitted). "Ambiguities or inferences to be drawn from the facts must be viewed in a light most favorable to the party opposing the summary judgment motion." *Project Release v. Prevost,* 722 F.2d 960, 968 (2d Cir.1983). In other words, a motion for summary judgment pursuant to Fed.R.Civ.P. 56 shall be granted only "when the pleadings, evidence obtained through discovery, and affidavits show that there is no genuine issue as to any material fact, and that the moving party is entitled to summary judgment as a matter of law." *Lang v. Retirement Living Pub. Co.,* 949 F.2d 576, 580 (2d Cir.1991). Therefore, "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

### IV. *DISCUSSION.*

#### A. *IFIC's Claim of Entitlement to the Contract Balance:*

■ IFIC claims that it is entitled to the balance of the adjusted contract balance, that is, $507,488.00 less $100,000 as retainage for any alleged defects pursuant to the Addendum to the Takeover Agreement. The Addendum provides in relevant part:

(a) In sixty (60) days Concra shall pay directly to [IFIC] an amount equal to eighty percent (80%) of the value of work completed after the December 25, 1990 requisition and approved by Morris Associates or their successor with a cap on said payment of two hundred thousand dollars ($200,000)....

(b) In the event Concra fails to pay 80% of the amount approved by Morris Associates or its successor as set forth in sub-paragraph (a), within ten (10) days of approval of the requisition, the parties agree that [IFIC's] bond will be terminated and the surety discharged of any further liability thereon, unless such failure is cured within three (3) business days of notification to Concra and the bank of such failure.

(c) The balance of the adjusted contract balance less $100,000 to be held as retainage shall be paid to International Fidelity upon issuance of a certificate of occupancy and the County Department of Social Services' agreement to take possession of the building.

(Concra Aff. Ex. C, Addendum ¶ 1); (Rosen Aff. Ex. C, Addendum ¶ 1)

IFIC claims that they are entitled to the contract balance because both condition precedents under the Addendum have been met, i.e., (1) that a certificate of occupancy was issued; and (2) that the Columbia County Department of Social Services took occupancy of the building. It is IFIC's contention that the Addendum's language is clear, and is not subject to conflicting interpretations. As to plaintiff's claim of defects, IFIC argues that the Addendum provides for the withholding of $100,000 in the event of any defects. In the alternative, IFIC contends that if the court were to rule that the contract language, and not the Addendum, controls, the building has been substantially complete.

■ The court concludes that it is the Addendum to the contract which controls the resolution of the dispute between the parties.[2] Therefore, the court must decide whether paragraphs (a) and (c) are independent of each other, or whether IFIC must satisfy the conditions of payment as set forth in paragraph (a) before demanding payment pursuant to paragraph (c). Paragraph (a)

---

2. Neither party disputes the fact that the Addendum is valid.

compels Concra to pay, within 60 days, 80% of the value of the work completed after the December 25, 1990, requisition. Paragraph (c) states that the balance of the adjusted contract balance less $100,000 to be held as retainage shall be paid to IFIC upon issuance of a certificate of occupancy and the County Department of Social Services' agreement to take possession of the building.

Plaintiff states that, with regard to IFIC's claimed entitlement to the contract balance, two conditions must be satisfied before it may demand the balance of the contract balance. According to the Takeover Agreement, plaintiff alleges that paragraph (a) must first be satisfied before IFIC can demand payment pursuant to paragraph (c). Plaintiff therefore contends that in order for IFIC to demand the balance of the adjusted contract balance, it must first show that the work has been performed in the value sought, and then must obtain approval of the project architects, Morris Associates or its successor. IFIC allegedly can show neither.

On December 14, 1992, IFIC submitted a request for payment to Morris Associates' successor, Crawford & Associates. IFIC's application was rejected by Crawford due to its alleged refusal to cure defective work and failure to perform work in accordance with the contract plans and specifications. Plaintiff alleges that the building contains substantial defects in its construction. (Concra Aff., Ex. D) Because of these alleged defects, IFIC allegedly cannot show that their demand for payment of the remaining contract balance is equal to the value of the work performed, or that the payment has been approved by the project's architect.

It is clear that paragraph (a) was not intended to be a strict prerequisite to payment pursuant to paragraph (c). Paragraph (a) entitled IFIC to an interim payment of 80% of the value of the work completed and approved by Crawford & Associates after December 25, 1990, but not to exceed $200,000; while paragraph (c) entitled IFIC to the remaining balance upon the issuance of a certificate of occupancy and the County Department Social Services' agreement to take possession. For reasons not stated in the papers, but probably due to Crawford & Associates eventual refusal to approve payment, IFIC did not pursue payment under paragraph (a). However, this failure does not prevent IFIC from compelling payment under paragraph (c) of the Addendum upon the satisfaction of the conditions precedent. Here, although the project may be incomplete and/or in dire need of substantial repairs, both conditions entitling IFIC to payment pursuant to paragraph (c) have occurred.

First, project engineer David Crawford certified to the City of Hudson on August 15, 1991, that the project "has been completed in accordance with the plans." (Rosen Aff. Ex. D) On August 16, 1991, the City of Hudson Department of Code Enforcement issued a certificate of occupancy for the building. (Rosen Aff. Ex F) Second, the County Department of Social Services thereafter moved into the building and has resided there since that time.[3] Since a certificate of occupancy was issued by the City of Hudson on the assurance of the project engineer, and the County Department of Social Services took possession of the building, plaintiff must now, according to the clear and unambiguous language of the Addendum, remit the sum of $507,488.00 less $100,000 as retainage for any alleged defects.

Concra alleges that the building is wrought with defects and deviations from the contract plans and specifications, and therefore IFIC is not entitled to payment. According to the Addendum, however, plaintiff has no legal right to withhold payment because of the existence of alleged defects. The Addendum provides for the retention of $100,000 for defects and payable "upon completion of all punch list items," and that is all the monies plaintiff is entitled to withhold.

More important, however, payment pursuant to paragraph (c) of the Addendum is not conditioned upon completion of the project in accordance with the "terms, conditions, [and] specifications" of the contract. The Addendum provides for payment of the balance of the adjusted contract balance upon the satisfaction of two conditions. In that way, the

3. IFIC alleges that plaintiff has received more than $620,000 in rent to date.

Addendum's method of payment differs substantially from that under both the contract and the Surety Takeover Agreement, before its modification, which provided for payment in accordance with the contract terms.

Specifically, the contract provided for payment requisitions to be submitted and approved by the architect based on the value of the work completed, since the previous requisition for payment; 95% of the contract price was to be due upon "substantial completion" of the contract, less amounts for incomplete work or disputed claims. The Addendum, on the other hand, sets forth a definite payment provision, and expressly annuls the contract method of payment. No longer is payment dependant upon the value of the work completed but upon the "issuance of a certificate of occupancy and the County Department of Social Services' agreement to take possession of the building."

The fact that the building may not have been completed according to the contract specifications, or was left in need of substantial repairs, a question that does not need to be decided, does not change plaintiff's obligation under paragraph (c) to remit payment according to its terms. Although payment pursuant to paragraph (c) may have been intended by plaintiff to logically follow substantial completion of the building, that fact should not be imputed into its terms where the language is clear to the contrary. *See Oriental Commercial & Shipping Co. v. Rosseel, N.V.,* 769 F.Supp. 514, 517 (S.D.N.Y. 1991) ("Where the language of a contract is itself unambiguous, neither the intention of the parties nor the possibly unintended or unfortunate consequences of enforcing the agreement according to its terms offers a basis for modifying those terms.")

## B. *Fed.R.Civ.P. 54(b): Certification as a Final Judgment.*

 Defendant also seeks from this court an order certifying judgment in its favor as final and appealable pursuant to Fed.R.Civ.P. 54(b). Rule 54(b) permits a court to enter final judgment on a claim for relief in a multiclaim action upon an express determination that there is no just cause for delay. "Thus, to have a final judgment under the rule, (1) multiple *claims* or multiple *parties* must be present; (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291; and (3) the district court must make 'an express determination that there is no just reason for delay' and expressly direct the clerk to enter judgment." *Ginett v. Computer Task Group, Inc.,* 962 F.2d 1085, 1091 (2d Cir.1992). All three factors have been satisfied.

First, there is no question that this action involves more than one claim. IFIC has counterclaimed for payment of the balance of the adjusted contract balance. Second, the decision supra., that IFIC is entitled to the adjusted contract balance is final within the meaning of 28 U.S.C. § 1291. *See Id.* at 1092 (A decision is finally decided if it " 'ends the litigation [of that claim] on the merits and leaves nothing for the court to do but execute the judgment' entered on that claim...."). Specifically, success by IFIC does not impair plaintiff's cause of action; IFIC has an indisputable right to the contract balance, any alleged defects notwithstanding; and plaintiff's claims involve entirely separate questions of law and fact. The recovery by IFIC of the balance of the adjusted contract balance is a matter entirely distinct from plaintiff's claim that IFIC breached the contract, including the Addendum, and the Surety agreement.[4] IFIC's right to the adjusted contract balance will not be adversely affected by any determination that it failed to insure construction of the building in accordance with the contract. Surely IFIC will be liable in damages if it did breach the contract, however, plaintiff may not withhold payment of the adjusted contract balance based on this allegation.

Finally, the court agrees with defendant that there is no just reason to delay entry of final judgment on their counterclaim. Plaintiff should not be permitted to retain the adjusted contract balance, $407,488.00, while

---

4. According to the contract, IFIC's right to the adjusted contract balance is entirely and exclusively based upon the issuance of a certificate of occupancy and the County Department of Social Services' agreement to take possession of the building.

at the same time receiving rental payments from the County of Hudson, and avoid paying interest on the funds to be advanced by Hudson City Savings to finance payment of the contract balance. IFIC is entitled to payment based on paragraph (c) of the Addendum, and plaintiff is without a legal right to withhold payment.

### C. *Motion to Strike Plaintiff's Damage Claims:*

■ IFIC claims that plaintiff has failed to specify damages flowing from their alleged default. Although defendant impliedly acknowledges that plaintiff may generally recover damages for breach of contract, they argue that plaintiff has either failed to support his claim of damages, or is not entitled to certain types of damages as alleged in the complaint. Plaintiff states that he is in the process of compiling estimates to complete construction of the building, and to repair the "constantly escalating defects in the building." Plaintiff will allegedly be ready to offer such exact proof when it can be more fully determined.

At this stage in the litigation, plaintiff should be prepared to give an accounting of his damages. It has been nearly three years since the certificate of occupancy was issued, more than two years since he commenced this action, and almost seven months since discovery has closed. Plaintiff, at some point during this litigation, must provide an accounting of his damages; this point has long since passed. However, in the interest of justice, plaintiff must provide proof of his damages on or before September 30, 1994, or face dismissal of his claims for relief.

### D. *Plaintiff's Cross–Motion for Summary Judgment:*

■ Plaintiff alleges that he is entitled to summary judgment granting him: (1) loss of rent caused by the default of IFIC from the contractual date the project was to be completed, November 30, 1990, to the date the building could be occupied, August 26, 1991; (2) loss of a lighting rebate credit from Niagara Mohawk caused by the failure of IFIC to complete the project on time; (3) legal fees incurred; (4) design professional fees incurred; and (5) an accounting of sales tax improperly collected and repayment thereof.

With regard to plaintiff's cross-motion, IFIC contends that since plaintiff has not moved for summary judgment on the issue of liability, material issues of fact remain as to whether the claimed damages resulted "from the contractor's default and the resulting actions or inactions on the part of the Surety." The court agrees. Plaintiff is not entitled to damages flowing from IFIC's alleged breach of contract until liability is determined. Plaintiff has not shown that IFIC's failure to complete the project on time was solely due to IFIC, nor has he moved this court for summary judgment on this issue of IFIC's liability.

## V. *CONCLUSION.*

Accordingly, it is ORDERED that

1. Defendant International Fidelity Insurance Company's motion for partial summary judgment is granted;

2. The Clerk of the Court is directed to enter final judgment pursuant to Fed. R.Civ.P. 54(b) in the sum of $407,488.00 in favor of defendant International Fidelity Insurance Company and against plaintiff Anthony R. Concra; `

3. Defendant International Fidelity Insurance Company's motion to strike plaintiff's damage claims is denied without prejudice;

4. Plaintiff is directed to furnish, under oath, a complete and detailed accounting of his damages on or before September 30, 1994; and

5. Plaintiff's cross-motion for summary judgment is denied.

IT IS SO ORDERED.